IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLERGAN, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    C.A. No. _____ |
| | ) |
| AUROBINDO PHARMA LIMITED, | ) |
| AUROBINDO PHARMA U.S.A., INC., and | ) |
| EUGIA PHARMA SPECIALITIES LIMITED, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT AND DECLARATORY JUDGMENT**

Plaintiff Allergan, Inc. ("Allergan") files this complaint for patent infringement and for a declaratory judgment of patent infringement against Defendants Aurobindo Pharma Limited, Aurobindo Pharma U.S.A., Inc., and Eugia Pharma Specialities Limited (collectively, "Defendants"). This patent action concerns an Abbreviated New Drug Application ("ANDA") filed by Defendants with the United States Food and Drug Administration ("FDA") for approval to market a generic version of Allergan's ALPHAGAN® P 0.1% and Defendants' infringement of United States Patent No. 8,858,961 ("the '961 patent") under 35 U.S.C. §§ 271(e)(2), (a), and (b).

**PARTIES AND JURISDICTION**

1. Allergan is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1 North Waukegan Road, North Chicago, Illinois 60064.

2. Defendant Aurobindo Pharma Limited ("Aurobindo") is a foreign corporation organized and existing under the laws of India, having a principal place of business at Maitri Vihar, Plot #2, Ameerpet, Hyderabad 500 038, Telangana, India.

3.      Defendant Aurobindo Pharma U.S.A., Inc. ("Aurobindo USA") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 279 Princeton Hightstown Road, East Windsor, New Jersey 08520.  Defendant Aurobindo USA maintains a registered agent in Delaware, the Corporation Service Company.

4.      Defendant Eugia Pharma Specialities Limited ("Eugia") is a foreign corporation organized and existing under the laws of India, having a principal place of business at Maitri Vihar, Plot #2, Ameerpet, Hyderabad 500 038, Telangana, India.

5.      Defendants Aurobindo USA and Eugia are wholly owned subsidiaries of Defendant Aurobindo.

6.      Defendants Aurobindo, Aurobindo USA, and Eugia are in the business of, among other things, manufacturing, distributing, and/or selling generic drug products in Delaware and throughout the United States.

7.      On information and belief, Defendants are acting cooperatively with respect to ANDA No. 216666, directed to a generic copy of Allergan's ALPHAGAN® P 0.1% drug product, a brimonidine tartrate ophthalmic solution, 0.1% ("ANDA Product").

8.      On information and belief, upon FDA approval of ANDA No. 216666, Defendants will act in concert to manufacture, distribute, and/or sell their ANDA Product in Delaware and throughout the United States.

9.      Defendants have affirmatively availed themselves of this Court's jurisdiction by filing patent counterclaims in this District, and were each previously sued in this District for patent infringement and did not contest personal jurisdiction.  *See, e.g.*, Aurobindo's Answer to Complaint, Affirmative Defenses, and Counterclaims at 8-9, *Pfizer Inc. et al. v. Aurobindo Pharma, Ltd. et al.*, C.A. No. 20-1528 (CFC) (D. Del.  Dec. 4, 2020).

10. The "Notice Letter," dated November 11, 2021, described in more detail below, states that it is "FROM" Defendant Aurobindo, Defendant Aurobindo USA, and Defendant Eugia. A representative from Defendant Aurobindo, "Debashis Dash," also signed the Notice Letter.

11. On information and belief, Aurobindo, itself and through its wholly-owned subsidiaries Aurobindo USA and Eugia, sells and distributes generic drugs throughout the United States, including Delaware, and therefore transacts business within Delaware, and/or has engaged in systematic and continuous business contacts within Delaware.

12. On information and belief, Aurobindo generates significant revenue from purchases made by its generic drug customers, who are located throughout the United States, including Delaware.

13. Aurobindo is engaged in a course of conduct designed to cause patent infringement and foreseeable harm and injury to Allergan, a Delaware corporation.

14. Aurobindo purposefully availed itself of the benefits and protections of Delaware's laws by continuously and systematically placing its generic drugs in the stream of commerce for distribution throughout the United States, including Delaware, such that it should reasonably anticipate being haled into this Court.

15. Aurobindo USA is incorporated, registered to do business, and has appointed a registered agent for service of process in Delaware.

16. On information and belief, Aurobindo USA sells and distributes generic drugs throughout the United States, including Delaware, and therefore transacts business within Delaware, and/or has engaged in systematic and continuous business contacts within Delaware.

17.     On information and belief, Aurobindo USA generates significant revenue from purchases made by its generic drug customers, who are located throughout the United States, including Delaware.

18.     Aurobindo USA engaged in a course of conduct designed to cause patent infringement and foreseeable harm and injury to Allergan, a Delaware corporation.

19.     Aurobindo USA purposefully availed itself of the benefits and protections of Delaware's laws by continuously and systematically placing its generic drugs in the stream of commerce for distribution throughout the United States, including Delaware, such that it should reasonably anticipate being haled into this Court.

20.     On information and belief, Eugia, itself and through its corporate affiliates Aurobindo and Aurobindo USA, sells and distributes generic drugs throughout the United States, including Delaware, and therefore transacts business within Delaware, and/or has engaged in systematic and continuous business contacts within Delaware.

21.     On information and belief, Eugia generates significant revenue from purchases made by its generic drug customers, who are located throughout the United States, including Delaware.

22.     Eugia engaged in a course of conduct designed to cause patent infringement and foreseeable harm and injury to Allergan, a Delaware corporation.

23.     Eugia purposefully availed itself of the benefits and protections of Delaware's laws by continuously and systematically placing its generic drugs in the stream of commerce for distribution throughout the United States, including Delaware, such that it should reasonably anticipate being haled into court in Delaware.

4

24. For the reasons stated above, this Court has personal jurisdiction over all Defendants.

25. Allergan realleges and incorporates by reference paragraphs 1-24. This patent infringement action arises under the United States Patent Laws, Title 35 U.S.C. § 100, *et seq*. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court, therefore, has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c)(3) and 1400(b).

**COUNT I FOR PATENT INFRINGEMENT**
**(Infringement of the '961 Patent Under 35 U.S.C. § 271(e)(2))**

26. Allergan realleges and incorporates by reference paragraphs 1-25.

27. United States Patent No. 8,858,961, titled "Compositions Containing Alpha-2-Adrenergic Agonist Components," was duly and legally issued to inventors Richard S. Graham, Peter G. Bakhit, and Orest Olejnik by the United States Patent and Trademark Office ("PTO") on October 14, 2014. The '961 patent is assigned to Allergan and is set to expire on September 2, 2023. The expiration date includes 784 days of patent term adjustment granted by the PTO. Pediatric exclusivity extends to March 2, 2024. A true and correct copy of the '961 patent is attached as Exhibit A.

28. New Drug Application ("NDA") No. 021770 is directed to the use of ALPHAGAN® P 0.1% (brimonidine tartrate ophthalmic solution, 0.1%) indicated for the reduction of elevated intraocular pressure (IOP) in patients with open-angle glaucoma or ocular hypertension. ALPHAGAN® P 0.1% is indicated for the treatment of elevated intraocular pressure (IOP) in pediatric patients with open-angle glaucoma or ocular hypertension. The FDA approved

NDA No. 021770 on August 19, 2005.  The '961 patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") for NDA No. 021770.

29.     Defendants filed, or caused to be filed, ANDA No. 216666 with the FDA under 21 U.S.C. § 355(j), seeking to obtain approval for the commercial manufacture, use, and sale of their ANDA Product in the United States before the expiration of the '961 patent.

30.     ANDA No. 216666 contains a Paragraph IV certification alleging that the claims of the '961 patent are invalid, unenforceable, or will not be infringed by the manufacture, use, or sale of Defendants' ANDA Product.

31.     Defendants sent, or caused to be sent, to Allergan a letter dated November 11, 2021 ("the Notice Letter") notifying Allergan that Defendants submitted ANDA No. 216666 to the FDA, seeking approval to market Defendants' ANDA Product, and providing purported notice and information pursuant to 21 U.S.C. § 355(j)(2)(B)(ii).  The Notice Letter alleges invalidity of claims 1-9 of the '961 patent.  The Notice Letter itself does not contest infringement of any claim of the '961 patent.

32.     Under 35 U.S.C. § 271(e)(2)(A), Defendants infringed one or more claims of the '961 patent, in violation of Allergan's patent rights, by submitting to the FDA an ANDA that seeks approval to commercially market—before the expiration of the '961 patent—Defendants' ANDA Product, the manufacture, use, offer for sale, sale, or importation in/into the United States of which would directly infringe, literally or through the doctrine of equivalents, one or more claims of the '961 patent, and the manufacture, use, offer for sale, sale or importation in/into the United States of which would induce the direct infringement of one or more claims of the '961 patent by prescribers and/or users of Defendants' ANDA Product.

6

33.     Defendants have knowledge of the '961 patent and have filed ANDA No. 216666 seeking authorization to commercially manufacture, use, offer for sale, and sell Defendants' ANDA Product in the United States.  On information and belief, if the FDA approves ANDA No. 216666, physicians, health care providers, and/or patients will prescribe and/or use Defendants' ANDA Product in accordance with the instructions and/or label provided by Defendants and will directly infringe one or more claims of the '961 patent.

34.     On information and belief, Defendants know and intend that physicians, health care providers, and/or patients will prescribe and/or use Defendants' ANDA Product in accordance with the instructions and/or label provided by Defendants, and will therefore induce infringement of one or more claims of the '961 patent with the requisite intent.

35.     Allergan will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court.  Allergan has no adequate remedy at law.

**COUNT II FOR DECLARATORY JUDGMENT**
**(Declaratory Judgment of Patent Infringement of the '961 Patent Under 35 U.S.C. §§ 271(a) and/or (b))**

36.     Allergan realleges and incorporates by reference paragraphs 1-35.

37.     This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 *et seq.*, including 35 U.S.C. §§ 271 (a) and/or (b), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

38.     If the FDA approves Defendants' ANDA Product for the manufacture, use, offer for sale and sale in the United States, Defendants would directly infringe, literally, and/or through the doctrine of equivalents, one or more claims of the '961 patent under 35 U.S.C. § 271(a), in

violation of Allergan's patent rights, by making, using, offering to sell, selling, and/or importing Defendants' ANDA Product within the United States.

39.     Defendants have knowledge of the '961 patent and have filed ANDA No. 216666 seeking authorization to commercially manufacture, use, offer for sale, and sell Defendants' ANDA Product in the United States.  On information and belief, if the FDA approves ANDA No. 216666, physicians, health care providers, and/or patients will prescribe and/or use Defendants' ANDA Product in accordance with the instructions and/or label provided by Defendants and will directly infringe one or more claims of the '961 patent.

40.     On information and belief, Defendants know and intend that physicians, health care providers, and/or patients will prescribe and/or use Defendants' ANDA Product in accordance with the instructions and/or label provided by Defendants, and will therefore induce infringement of one or more claims of the '961 patent with the requisite intent under 35 U.S.C. § 271(b).  The Notice Letter itself does not contest infringement of any claim of the '961 patent.

41.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Allergan and Defendants as to liability for infringement of the '961 patent claims.  Defendants' actions have created a reasonable apprehension of irreparable harm and loss to Allergan resulting from Defendants' threatened imminent actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Allergan respectfully requests that this Court enter judgment in its favor as follows:

a)     declare that, under 35 U.S.C. § 271(e)(2)(A), Defendants infringed the '961 patent by submitting ANDA No. 216666 to the FDA to obtain approval to commercially manufacture,

8

use, offer for sale, sell, or import in/into the United States Defendants' ANDA Product prior to the expiration of said patent;

b)    declare that Defendants' commercial manufacture, use, sale, or offer for sale, or importation in/into the United States of Defendants' ANDA Product prior to the expiration of the '961 patent would constitute infringement of one or more claims of said patents under 35 U.S.C. § 271(a) and/or (b);

c)    order that the effective date of any FDA approval of Defendants' ANDA Product shall be no earlier that the expiration date of the '961 patent, including pediatric exclusivity and the expiration of any other exclusivities or extensions to which Allergan is or becomes entitled, in accordance with 35 U.S.C. § 271(e)(4)(A);

d)    enjoin Defendants, and all persons acting in concert with Defendants, from seeking obtaining, or maintaining final approval of ANDA No. 216666 until the expiration of the '961 patent, including pediatric exclusivity and the expiration of any other exclusivities or extensions to which Allergan is or becomes entitled;

e)    enjoin Defendants, and all persons acting in concert with Defendants, from commercially manufacturing, using, offering for sale, or selling Defendants' ANDA Product within the United States, or importing Defendants' ANDA Product in/into the United States, until the expiration of the '961 patent, including pediatric exclusivity and the expiration of any other exclusivities or extensions to which Allergan is or becomes entitled, in accordance with 35 U.S.C. § 271(e)(4)(B);

f)    award Allergan damages under 35 U.S.C. § 271(e)(4)(C), which this Court should treble pursuant to 35 U.S.C. § 284, if Defendants infringe the '961 patent by engaging in the commercial manufacture, use, sale, offer to sell, or importation of its ANDA Product in/into the

9

United States prior to the expiration of the '961 patent, including pediatric exclusivity and the expiration of any other exclusivities or extensions to which Allergan becomes entitled;

g)    declare this to be an exceptional case and award Allergan its costs, expenses, and disbursements in this action, including reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 285 and 271(e)(4); and

h)    grant Allergan such further and additional relief that this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

OF COUNSEL:

Howard W. Levine
Pejmon Pashai
DECHERT LLP
1900 K Street, NW
Washington, DC 20006-11
(202) 261-3300

Katherine A. Helm
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
(212) 698-3500

December 23, 2021

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff Allergan, Inc.*

10